UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID WADE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:12CV357 TIA |
| ) | |
| DOUG PRUDDEN, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This cause is before the Court on Missouri state prisoner David Wade's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (filed December 19, 2011/Docket No. 1). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On March 14, 2007, a jury found Petitioner guilty of burglary in the first degree and third degree domestic assault. (Legal File, Resp. Exh. B at 80-81). On April 27, 2007, the Circuit Court of St. Louis City, Missouri sentenced Petitioner as a prior offender to a term of fifteen-years' imprisonment on the charge of burglary in the first degree and to a concurrent term of one year's imprisonment on the charge of the third degree domestic assault. (Id.). Petitioner filed a notice of appeal on May 2, 2007. (Id.). On March 18, 2008, the Missouri Court of Appeals affirmed Petitioner's convictions and sentence finding that the trial court did not err in overruling his motion for judgment of acquittal at the close of all evidence and in sentencing him for Count I, burglary in the first degree. (State v. Wade, 254 S.W.3d 103 (Mo. Ct. App. 2008); Resp. Exh. G). The Missouri Supreme Court denied the application for transfer on June 24, 2008. (Resp. Exh. H).

Petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Missouri Supreme Court Rule 24.035 in August,, 2008. (Resp. Exh. J). On December 29,

2010, Petitioner's appointed counsel filed an Amended Motion Under 24.035 to Vacate, Set Aside or Correct Judgment and Sentence. (Resp. Exh. I at 6-14). The post-conviction court denied Petitioner's amended motion without an evidentiary hearing on July 6, 2010. (Id. at 15-19). On appeal, Petitioner raised one claim, he received ineffective assistance of trial counsel because his counsel failed to call his parole officer as a witness. On October 25, 2011, the Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction relief. (Resp. Exh. M). The Missouri Court of Appeals issued its mandate on November 21, 2011. (Resp. Exh. N). Petitioner pursued no other action for review of his convictions and sentence in state court. The instant petition for writ of habeas corpus, signed by Petitioner on December 14, 2011, and received by this Court on December 19, 2011, was filed on December 19, 2011, upon Petitioner being granted leave to proceed in this cause in forma pauperis.

Petitioner is currently incarcerated at the Tipton Correctional Center located in Tipton, Missouri, pursuant to the sentence and judgment of the Circuit Court of St. Louis City, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises two grounds for relief:
In the instant petition for writ of habeas corpus, Petitioner raises four grounds for relief:

(1) That the State failed to produce sufficient evidence to convict him of first-degree burglary; and

(2) That his trial counsel was ineffective for failing to investigate and call as a witness Elizabeth Will-Smith, his parole officer.

In response, Respondent contends that the grounds for relief in the petition are without merit.

### III.     Claims Addressed on the Merits

Section 2254(d)(1) requires federal habeas courts to test the determination of state courts "only against 'clearly established Federal law, as determined by the Supreme Court of the United

States,'" and prohibits the issuance of a writ of habeas corpus "unless the state court's decision is 'contrary to, or involved an unreasonable application of,' that clearly established law." Williams v. Taylor, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. Id., 529 U.S. at 380-83.

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner." Id. at 1439; Williams, 529 U.S. at 405. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

As an initial matter, the undersigned notes that the Missouri Court of Appeals summarized the facts regarding the issue on appeal:

> Defendant was romantically involved with Donetta Liston, and had two children with her. In the latter half of 2005, Defendant was involved in a number of incidents with Liston that resulted in the police being dispatched to Liston's home. These incidents occurred on: July 30, 2005; July 31, 2005; September 26, 2005; and December 18, 2005. Officer Sheresa Asher ("Officer Asher") of City of St. Louis Police Department was dispatched to Liston's residence on both the incidents of July 2005. On July 30, 2005, Officer Asher witnessed Liston telling Defendant to leave, and she noticed that the pair were "verbally tense" with each other. The following day, Liston called 911 and requested police assistance, and a struggle was heard in the background. By the time Officer Asher arrived, Defendant had left the residence, but she observed that there were signs that the door to the home had been forced. At that

time Liston resided at 4634 Page Avenue with her children. Defendant also lived there, but his name was not on the lease, he did not have a key to the home, and he had to be let into the house by someone inside.

Thereafter, Liston moved with her family to 3842 Lee Avenue. Liston and Defendant endeavored to make their relationship work for the sake of their children, and Defendant was permitted to live at the residence on Lee Avenue. However, his name was not on the lease and he did not have a key to the dwelling. Someone always had to let Defendant into the dwelling.

Early in the day on September 26, 2005, Defendant and Liston were arguing at the Lee Avenue home. Liston told Defendant to leave, and he did. Later that same day, Liston heard a boom, which she later determined came from Defendant damaging a window in the basement, breaking the glass. Defendant apparently entered the home through the broken window, and came up the basement stairs, and talked to Liston through the kitchen door. Liston told Defendant to get out. Defendant wanted to talk with her, but she did not wish to talk with him, and they argued. He proceeded to hit Liston in the eye, and struck her with a board. She ran to a neighbor's house and called the police. Defendant fled the scene, getting into a car operated by his brother. The police arrived and investigated the crime scene, taking a number of photos, including one of Liston's face that showed her swollen eye, and one of the broken basement window and glass.

On December 18, 2005, another incident occurred when Defendant gained access to the house on Lee Avenue through an unlocked door. Liston and Defendant argued, and she called 911. Defendant left before the police arrived. Liston told the police officers that Defendant entered the house, struck her, and took her purse.

(Resp. Exh. G at 2-3) (internal footnote omitted). Inasmuch as Petitioner does not rebut these factual findings by clear and convincing evidence, they are presumed to be correct. 28 U.S.C. § 2254(e)(1).

**A.** **Ground 1**

In Ground 1 of the instant petition, Petitioner contends that the State failed to produce sufficient evidence to convict him of first-degree burglary. In particular, Petitioner argues that he was lawfully at 3842 Lee Avenue because he lived at the address with Ms. Liston and their two children, and the purpose going to the house was to talk to Ms. Liston, not to commit a crime.

In relevant part when denying Petitioner's claim on appeal, the Missouri Court of Appeals

found as follows:

> There was sufficient evidence from which the jury could have found Defendant guilty of burglary in the first degree relating to the incident of September 26, 2005. While Defendant may have lived at 3842 Lee Avenue, he did so with the permission of Liston. His name was not on the lease. He did not have a key to the dwelling, but had to be let in by others. Liston, the leaseholder and lawful occupant of 3842 Lee Avenue, ordered Defendant to leave the premises earlier in the day of September 26, 2005. She did not give him permission to reenter the premises that day. Some time after ordering Defendant to leave, Liston heard a big boom. There was broken glass from the basement window on the basement floor. Defendant spoke to Liston from the other side of the door. She testified that he must have entered the home through the broken window in the basement and come up the basement stairs to the door. This was a reasonable inference for her to make from the evidence, and one that the jury could reasonably make as well. There was sufficient evidence for a jury to reasonably find that Defendant unlawfully entered the premises at 3842 Lee Avenue.
>
> Defendant also argues that the evidence was not sufficient to show that he unlawfully entered Liston's home with the intent to commit the crime of domestic assault in the third degree, only showing that he went there with the intent to talk to her. Liston's testimony may show that Defendant might have had an intent to talk to her, but Defendant's method of entry, namely breaking a window in the basement, and his conduct in hitting her in the eye and striking her with a board that accompanied his statement that he wanted to talk belies an intent merely to have a conversation. The jury could have reasonably found that Defendant's purpose in entering the home was to commit an assault on Liston.

(Resp. Exh. G at 5-6) (Internal citation omitted).

The standard for reviewing the sufficiency of the evidence is set forth in Jackson v. Virginia, 443 U.S. 307 (1979). In Jackson, the United States Supreme Court held that the appropriate inquiry under the due process for reviewing the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319. Further, "[t]he state is 'not required to rule out every hypothesis except that of guilt beyond a reasonable doubt.'" Flieger v. Delo, 16 F.3d 878, 883 (8th Cir. 1994) (quoting Perez v. Groose, 973 F.2d 630, 634 (8th Cir. 1992)).

The federal court "must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state, and must defer to that resolution." Miller v. Leapley, 34 F.3d 582, 585 (8th Cir. 1994). The Eighth Circuit Court of Appeals has "recognized that the verdict 'may be based in whole or in part on circumstantial evidence.'" Hill v. Norris, 96 F.3d 1085, 1088 (8th Cir. 1996) (quoting United States v. Anderson, 78 F.3d 420, 422 (8th Cir. 1996)).

A review of the record reveals that the evidence adduced at trial was clearly sufficient to support a guilty verdict. Under Missouri law, "a person commits the crime of burglary in the first degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein...." Mo. Rev. Stat. § 569.160. Thus, the State had the burden or proving, beyond a reasonable doubt, that Petitioner not only unlawfully entered the house but that he entered or remained in the house for the purpose of committing the crime therein, and another present was present in the house who was not a participant in the crime. Id.

The evidence presented at trial demonstrated that Petitioner entered Liston's house by breaking out the basement window after Liston had earlier that day ordered him to leave and had not given him permission to return. Although Petitioner resided at the residence with Liston's permission, his name was not on the lease, and he did not have his own key to the house. Further, the jury could reasonably infer that Petitioner intended to commit a crime by how he entered the house, and hitting Liston. Likewise, his method of entry and his conduct in hitting Liston contradicts his assertion that he merely wanted to have a conversation with Liston. Other evidence presented at trial corroborated the inference of Petitioner's guilt including the broken glass in the basement. Under Jackson, after viewing the evidence in the light most favorable to the State, any rational juror

could have found that Petitioner guilty. Therefore, Petitioner's first ground for habeas relief should be denied.

It is well established that State law defines the elements of State-law crimes. Fenske v. Thalacker, 60 F.3d 478, 480 (8th Cir. 1995); Turner v. Armontrout, 845 F.2d 165, 168 (8th Cir. 1988). As such, a state court's conclusion that the evidence was sufficient to support a criminal conviction is entitled to great deference by a federal court. Jackson, 443 U.S. at 323.

While not expressly mentioning Jackson, the Missouri Court of Appeals clearly applied the Jackson standard in deciding that there was sufficient evidence to support Petitioner's first-degree burglary conviction. The record supports the state appellate court's determination. The state court decision is not contrary to or an unreasonable application of Jackson; and constitutes a reasonable

The State Court's findings and conclusions are not contrary to, nor do they involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; nor did they result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). The State Court's findings are based on rules of evidence that correspond to federal law.

Based on the above, the state court's decision denying Petitioner relief is well based on law and fact. The undersigned is unaware of any "clearly established Federal law, as determined by the Supreme Court of the United States" of which the court's decision runs afoul, nor has Petitioner demonstrated such. Therefore, it cannot be said that the state court's adjudication of the instant claim "resulted in a decision that was contrary to, or involved an unreasonable application of," clearly established federal law. 28 U.S.C. §2254(d)(1). Neither has Petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts

in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As such, the instant claim should be denied. 28 U.S.C. §2254(d).

**B.      Ground 2**

In Ground 2, Petitioner claims that he was denied effective assistance of trial counsel because counsel failed to investigate and call as a witness Elizabeth Will-Smith, his parole officer, who would testify that Petitioner lived at the address that he burglarized.

Petitioner raised this claim in his motion for post-conviction relief and on appeal of the denial of the motion, and, upon review of the merits of the claim, the Missouri Court of Appeals denied Petitioner relief. (Resp. Exhs. K at 9-15; M at 3-5).

In relevant part when denying Petitioner's claim, the 24.035 motion court found as follows:

> The evidence at Mr. Wade's trial was theat he was engaged in a relationship with Donetta Liston and he had two children with her. In 2005, Liston resided at 4634 Page with her children and with Mr. Wade. Wade's name was not on the lease and he did not have a key to the home. On July 30, 2005, a police officer was dispatched to the Page address where she observed Liston telling Wade to leave. The following day Liston called 911 requesting police assistance, a police officer responded, but by the time the officer responded, Wade had departed. The officer observed there were signs the door to the residence had been forced open. Ms. Liston thereafter moved to 3842 Lee Avenue. Mr. Wade was permitted to live at the residence but his name was not on the lease, he did not have a key and somebody had to let him in. The incident which gave rise to the burglary charge for which Mr. Wade was found guilty occurred on September 26, 2005. Ms. Liston and Mr. Wade got into an argument and she told Mr. Wade to leave which he did. He later came back, broke a window in the basement and entered the home. She told him to get out, an argument ensued and he hit her in the eye and stuck her with a board.

(Resp. Exh. I at 17-18).

On appeal, the Missouri Court of Appeals affirmed the denial of Petitioner's Rule 24.035 motion for post-conviction relief by opining as follows:

>       After a review of the entire record, Wade's claim fails both prongs of
> *Strickland* analysis.  At the sentencing hearing, the court specifically asked trial
> counsel whether she had considered calling the parole officer as a witness, made a
> decision on that issue, and advised Wade of that decision.  Trial counsel answered
> affirmatively.  The jury had other evidence establishing that Wade resided at 3842
> Lee, including Liston's admission.  Calling the parole officer to testify merely that
> Wade listed his residence at 3842 Lee would have been cumulative and unnecessarily
> prejudicial as it would have opened the door to evidence of other crimes.  Given the
> presumption of sound trial strategy, Wade cannot establish trial counsel was deficient.
>
>       Even assuming deficiency, Wade is unable [to] establish that his parole
> officer's testimony would have provided a viable defense that would have changed the
> outcome of the trial.  At most, the parole officer could have testified that Wade had
> listed his residence as 3842 Lee.  The motion court correctly noted that "[t]he jury
> heard evidence that Mr. Wade had been living at the Lee address.  He does not allege
> that the parole officer had first hand knowledge that would directly refute the
> evidence that Mr. Wade's name was not on the lease, that he did not have a key, and
> that he entered the residence on the date of the burglary without Mr.[*sic*]Liston's
> permission."  Given the overwhelming evidence against Wade, and the limited utility
> of the parole officer's testimony, Wade is unable to establish that but for this
> testimony, the outcome of his trial would have been different.  Because Wade is
> unable to establish that trial counsel was ineffective, we should not say the motion
> court clearly erred in denying the PCR motion on this ground.

(Resp. Exh. M at 4-5).

The state court's rejection of Petitioner's claim constituted adjudication on the merits of this claim and must be reviewed under the deferential provisions of 28 U.S.C. § 2254(d)(1). Section 2254(d)(1) requires federal habeas courts to test the findings of state courts only against clearly established federal law, as determined by the Supreme Court of the United States. Further, § 2254(d)(1) prohibits the issuance of a writ of habeas corpus unless the state court's decision is contrary to, or involved an unreasonable application of that clearly established law. Williams v. Taylor, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time Petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States

Supreme Court.  Id. at 380-83.

A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or different than the Court's conclusion on a set of materially indistinguishable facts.  Williams, 529 U.S. at 412-13; Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001).  A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply.  Carter, 255 F.3d at 592 (citing Williams, 529 U.S. at 407).  "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect."  Id. (quoting Williams, 529 U.S. at 410-11).

At the time Petitioner's conviction became final, the law was clearly established that the Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that 1)  his counsel's performance was deficient, and 2)  the deficient performance prejudiced his defense.  Id.  In evaluating counsel's performance, the basic inquiry is "whether counsel's assistance was reasonable considering all the circumstances."  Id. at 688.  Petitioner must show that his attorney's errors were so serious that they deprived him of his Sixth Amendment right to counsel and denied him his right to a fair trial.  Id.  Judicial scrutiny of counsel's performance must be highly deferential, and the petitioner must overcome the "strong presumption" that the challenged action might be considered sound trial strategy.  Id. at 689.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from the counsel's perspective at the time."  Id.  In deciding a claim of ineffective assistance

of counsel, the court must examine the specific "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment," and then "determine whether, in light of all of the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  Id. at 691.  In order to satisfy the prejudice prong, Petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result would have been different.  Id. at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  Id.

The Missouri Court of Appeals set out the Strickland standard for ineffective assistance of counsel and noted his claim fails both prongs of the Strickland analysis.  In particular, the Missouri Court of Appeals found no prejudice to Petitioner by counsel's decision not to call the witness inasmuch as the testimony would have been cumulative and unnecessarily prejudicial as it would have opened the door to evidence of other crimes.  Likewise, the Missouri Court of Appeals found that the parole officer's testimony would have provided a viable defense that would have changed the outcome of the trial.

Petitioner has not satisfied his heavy burden to establish his claim that his attorney was ineffective in failing to call as a witness Elizabeth Will-Smith inasmuch as the state court found, this claim is without merit inasmuch as the testimony would have been cumulative and invited testimony about his prior crimes.  Therefore, Petitioner's second ground for habeas relief is without merit.

Based on the above, the state court's decision denying Petitioner relief is well based on law and fact.  This Court is unaware of any "clearly established Federal law, as determined by the Supreme Court of the United States" of which the court's decision runs afoul, nor has Petitioner demonstrated such.  Therefore, it cannot be said that the state court's adjudication of the instant claim
- 11 -

"resulted in a decision that was contrary to, or involved an unreasonable application of," clearly established federal law. 28 U.S.C. §2254(d)(1). Neither has Petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As such, the instant claim should be denied. 28 U.S.C. §2254(d).

### III. Certificate of Appealability

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. Id. § 2253(c)(2); see Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). The undersigned finds that reasonable jurists could not differ on any of Petitioner's claims, so the Court will deny a Certificate of Appealability on all claims. Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner David Wade's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) be dismissed without further proceedings.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this cause inasmuch as Petitioner has failed to make a substantial showing that he has been denied a constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this   20th   day of January, 2015.

                                            /s/ Terry I. Adelman
                                           UNITED STATES MAGISTRATE JUDGE